# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO JAVIER LARA, <br><br> Petitioner, <br><br> v. <br><br> DEPARTMENT OF HOMELAND SECURITY, <br><br> Respondent. | Case No. CV 17-7694 DSF(JC) <br><br> MEMORANDUM OPINION AND ORDER DISMISSING ACTION |

## I.   BACKGROUND AND SUMMARY

On October 20, 2017, petitioner Francisco Javier Lara, who is proceeding *pro se*, formally filed a Petition for Writ of Habeas Corpus ("Petition"). The Petition reflects that petitioner's address was then 10250 Rancho Rd., Adelanto, CA, 92301 ("Address of Record"). A Notice of Judge Assignment and Reference to a United States Magistrate Judge ("Notice") was sent to petitioner at his Address of Record on the same date. The Notice advised petitioner that pursuant to Local Rule 83-2.4, the Court must be notified within five (5) days of any address change. The Notice further cautioned petitioner that if mail directed by the Clerk to the Address of Record was returned undelivered by the Post Office, and if the Court and opposing counsel were not notified in writing within five (5) days thereafter of his current

address, the Court might dismiss the Petition with or without prejudice for want of prosecution. The Notice was sent to petitioner at the Address of Record and was not returned undelivered.

On November 1, 2017, the Magistrate Judge issued two orders ("November Orders") that the Clerk sent to petitioner at his Address of Record. On November 13, 2017, the November Orders were returned undelivered by the Postal Service with an indication that petitioner had been released and that the November Orders could not be forwarded.

In light of the foregoing, the Magistrate Judge, on November 29, 2017, issued an Order to Show Cause directing petitioner to show cause within fourteen (14) days, *i.e.*, by no later than December 13, 2017, as to why the Court should not dismiss this action for want of prosecution based upon petitioner's failure to notify the Court in writing of his current address as required. The Order to Show Cause expressly cautioned petitioner that the failure timely to respond and to notify the Court in writing of his current address by the foregoing deadline would subject this action to dismissal for want of prosecution without further notice. The Clerk sent the Order to Show Cause to petitioner at his Address of Record on November 29, 2017. On December 11, 2017, the Order to Show Cause was returned undelivered by the Postal Service with an indication that petitioner had been released and that the Order to Show Cause could not be forwarded.

To date, petitioner has not notified the Court of his current address.

As discussed below, this action is dismissed without prejudice for want of prosecution based upon petitioner's failure to notify the Court of his current address.

**II.   DISCUSSION**

Pursuant to Local Rule 41-6, a party proceeding *pro se* is required to keep the Court apprised of his current address at all times. Local Rule 41-6 provides in pertinent part:

A party proceeding *pro se* shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

In the instant case, more than fifteen (15) days have passed since the November Orders were served upon petitioner and returned undelivered by the Postal Service. As noted above, to date, petitioner has not notified the Court of his new address.

The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). In determining whether to dismiss an action for failure to prosecute, a district court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant/respondent; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994).

The Court finds that the first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The Court cannot hold this case in abeyance indefinitely based on petitioner's failure to notify the Court of his correct address. See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal of action for lack of prosecution pursuant to local rule which permitted such dismissal when *pro se* plaintiff failed to keep court apprised of correct address; "It would be

absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not."). The third factor, risk of prejudice to the respondent, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the Court's inability to communicate with petitioner based on his failure to keep the Court apprised of his current address, no lesser sanction is feasible. See Musallam v. United States Immigration Service, 2006 WL 1071970, *1 (E.D. Cal. Apr. 24, 2006) (finding same).

Accordingly, dismissal of this action for failure to prosecute is appropriate.

**III. ORDER**

IT IS THEREFORE ORDERED that this action is dismissed for lack of prosecution based upon petitioner's failure to keep the Court apprised of his current address.

IT IS SO ORDERED.

DATED: 12/19/17 _____

_____
HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE